UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JOHN L. RUCKER, | ) No. CV 09-06941-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1. Whether the Administrative Law Judge ("ALJ") properly

considered the medical evidence as contained in the treating opinion from Truxtun Psychiatric Medical Group.

(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT ERR IN REJECTING THE OPINION OF DR. MANOHARA**

Plaintiff raises a single issue, that the ALJ failed to accord any credibility to Dr. Monohara of the Truxtun Psychiatric Medical Group ("Truxtun"). (Dr. Monohara's assessment of February 17, 2009, entitled Form: Mental Impairment Questionnaire [Listings] ("Questionnaire") is at AR 459-62; the ALJ's dismissal of Dr. Monohara's opinion is found in his decision at AR 23: "No weight is given to the opinion of Dr. Monohara as it is not supported by the progress notes from Truxtun Psychiatric Medical Group. Furthermore, none of the progress notes or doctors [sic] evaluations are signed by him as a treating source.")

Plaintiff argues that Dr. Monohara is a treating source, and makes this contention because Dr. Monohara is "part of the psychiatric team providing treatment." (JS at 7.) Plaintiff also notes that Dr. Monohara's name appears among seven psychiatrists and other mental health professionals on the Truxtun letterhead. (See JS at 351.)

Plaintiff does not quibble with the fact, as the ALJ observed, that none of the progress notes or physicians' evaluations are signed by Dr. Monohara. The underlying administrative file contained in the

2

AR reveals that Plaintiff cited Dr. Monohara as one of his treating sources, and notes the dates when he consulted with Dr. Monohara. (See AR at 116: visits with Dr. Monohara between July 3, 2006 and July 17, 2006; and AR 152, reflecting consultations with Dr. Monohara between July 3, 2006 and March 8, 2007, with the next appointment scheduled for April 20, 2007.) As such, Plaintiff is ultimately correct that Dr. Monohara must be considered his treating source pursuant to applicable regulation. (See 20 C.F.R. §404.1502.) The ALJ's conclusion that Dr. Monohara is not a treating source ("Furthermore, none of the progress notes or doctors [sic] evaluations are signed by him as a treating source", AR 23), cannot be considered correct in light of the underlying Administrative Record.

Thus, the question is whether the ALJ was correct to reject Dr. Monohara's conclusions contained in the Questionnaire as "not supported by the progress notes from Truxtun ..." (AR 23.) Here, for reasons to be discussed, the Court agrees with the ALJ's conclusion and finds it to be a sufficient basis for rejecting Dr. Monohara's conclusions as set forth in the Questionnaire.

On the Questionnaire, Dr. Monohara checked off various "signs and symptoms" which he assessed as being currently characteristic of Plaintiff's condition. These include poor memory, personality change, disturbance, emotional lability, recurrent panic, and hydonia or pervasive loss of interest, psychomotor agitation or retardation, feelings of guilt/worthlessness, difficulty thinking or concentrating, suicidal ideation or attempts, perceptual disturbances, social withdrawal or isolation, blunt, flat or inappropriate affect, decreased energy, persistent irrational fears, and persistent anxiety. (AR 459.) Dr. Monohara also wrote that Plaintiff cannot concentrate,

is depressed, anxious, and socially withdrawn. (AR 461.)

    These conclusions by Dr. Monohara, however, are inconsistent with the treatment and progress notes of Truxtun. These notes indicate, in summary, the following assessments, accompanied by relevant dates:

| Date | Assessment |
|---|---|
| 4/20/2007: | "Patient reports improvement w/his medications." (AR 349.) |
| 2/6/2007: | "Patient reports he is doing about the same as a year ago. He actually has his mood more stabilized w/less anxiety and depression. Mood swings are less frequent and less severe." (AR 350.) |
| 12/12/2008 | Quoting Plaintiff: "It's no big deal -- I'm feeling OK." (AR 410.) |
| 11/10/2008: | Plaintiff is "stable in current meds." (AR 411.) |
| 5/15/2008: | "Patient seen with wife Cissy well groomed. Denies side effects from current meds." (AR 413.) |
| 7/18/2008: | "Stable on current meds." (AR 414.) |
| 5/5/2008: | "Patient came in with his wife who reports patient is doing better than he did two years ago. Patient is more active. He is getting out of the house to shop and exercise." (AR 417.) |
| 4/18/2008: | "Patient came in w/his wife. Patient has made slow progress but is reluctant to admit it. Activity has increased, he is more alert and is communicating more." (AR 418.) |
| 2/29/2008: | "Patient came w/wife. He reports some improvement w/depression and pain." (AR 420.) |
| 1/14/2008: | "Patient came in w/wife. He reports some |

4

|   |   |   |
|---|---|---|
|   |   | progress. C/O depression and anxiety." (AR 422.) |
|   | 12/21/2007: | "Patient came in w/wife. Patient reports some progress. Sleep is good. Anxiety is somewhat less." (AR 423.) |
|   | 10/5/2006: | "Patient is making progress w/medications. He is less depressed. He is easily confused about how to take his medications. C/O cycles of depression w/nothing helping." (AR 427.) |

Looked at overall, the Court cannot conclude that the ALJ erred in rejecting the extreme assessments contained in Dr. Monohara's Questionnaire. Many, if not most, of Dr. Monohara's assessments are directly contradicted by the ongoing treatment notes of other staff members who were examining and treating Plaintiff. Thus, even if Dr. Monohara is to be considered a treating source, as the Court has indicated, the ALJ was not obligated to accept his opinion if it was not supported by the weight of the evidence. Here, it was not error for the ALJ to conclude that Dr. Monohara's conclusions were inconsistent with the progress notes from the Truxtun group.

Moreover, the ALJ was also entitled to rely upon the opinion of Dr. Hirokawa, a psychiatrist who performed a comprehensive psychiatric evaluation ("CE") on Plaintiff on January 18, 2007 (AR 281-286), and whose conclusions were far less extreme than those of Dr. Monohara's, in most of the relevant functional areas. (See "Mental Status Examination" at AR 283-84.)

The Court must conclude that the ALJ was substantially justified in rejecting Dr. Monohara's conclusions as set forth in the Questionnaire. The ALJ appropriately relied upon the contrary

opinions of the consultative examiner, Dr. Hirokawa, and the State Agency physician, Dr. Conte.  See <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1174 (9th Cir. 2008).  Consequently, the Commissioner's decision will be affirmed, and Plaintiff's Complaint will be dismissed with prejudice.

**IT IS SO ORDERED**.

DATED: July 2, 2010

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE